UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS TREMAYNE GREEN,

Plaintiff,

v. Case No.: 8:26-cv-00990-JLB-NHA

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_________________________________/

**REPORT & RECOMMENDATION**

The Defendant moves without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 15. I recommend the motion be granted.

Plaintiff seeks reversal of the Commissioner's decision that he is not disabled. Doc. 12. After a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled because, notwithstanding his severe impairments, he could still perform jobs that existed in significant numbers in the national economy. R. 30.

Plaintiff argues that, in arriving at his conclusion, the ALJ (1) misstated or failed to address portions of several medical opinions in the record; (2) made findings about Plaintiff's residual functioning capacity which were inconsistent with the ALJ's findings concerning Plaintiffs' mental limitations; and (3)

concluded based on insufficient evidence that Plaintiff could perform a significant number of jobs available in the national economy. Doc. 12 pp. 3–19.

After consideration, the Defendant determined that further administrative proceedings would be appropriate. Doc. 15. Defendant asks the Court to remand this case to the Commissioner, where "the Appeals Council will remand this case to an Administrative Law Judge with instructions for the ALJ to further evaluate the persuasiveness of the medical opinions and prior administrative medical findings, in accordance with 20 C.F.R. §§ 404.1520c, 416.920c; further evaluate Plaintiff's RFC, and take any further action necessary to complete the administrative record and issue a new decision." *Id.* p. 2. Plaintiff does not oppose the motion. *Id.* p. 1.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).[1]

---

[1] Defendant's motion requests that the Court "deny Plaintiff's requested relief and remand this case under sentence four of 42 U.S.C. §§ 405(g)." Doc. 15 p. 2. But Plaintiff's requested relief was only that "that [the Commissioner's decision] be reversed and [this case be] remanded for further development and

Based on the record and the Defendant's unopposed motion, I respectfully RECOMMEND that:

1. The Commissioner's unopposed motion to remand (Doc. 15) be GRANTED, to the extent that the case be remanded;
2. The relief requested in Plaintiff's brief in opposition to the Social Security Administration's decision (Doc. 12) be GRANTED, to the extent that the Commissioner's decision be reversed and the case be remanded for further proceedings consistent with the motion to remand;
3. The Court direct that, upon remand, the Social Security Administration (a) take any further action needed to complete the administrative record; (b) consider the record evidence, including the medical opinions and prior administrative medical findings; and (c) issue a new decision;
4. The Clerk be directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and that the case be REMANDED for further

---

analysis under the fourth sentence of 42 U.S.C. § 405(g)." Doc. 12 p. 19. Furthermore, "a sentence-four remand is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits," *Jackson*, 99 F.3d at 1095, and the text of the statute requires that such remands "accompany a final judgment affirming, modifying, or reversing the administrative decision," *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991). Thus, absent any request by Defendant that the Commissioner's decision here be affirmed in whole or in part, the remand should be accompanied by a reversal of the Commissioner's decision.

administrative proceedings consistent with this recommendation; and

5. The Clerk be directed to close the case.

**SUBMITTED** for the District Court's consideration on August 3, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.